UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21656-JAL

SECURITIES AND EXCHANGE )
COMMISSION, )
)
                  Plaintiff, )
)
v. )
)
RECYCLE TECH, INC., KEVIN SEPE, )
RONNY J. HALPERIN, RYAN )
GONZALEZ, OTC SOLUTIONS LLC, )
ANTHONY THOMPSON, PUDONG LLC, )
JAY FUNG, and DAVID REES )
)
                  Defendants, )
and )
)
CHARTER CONSULTING GROUP, INC. )
)
              Relief Defendant. )
_____ )

### FINAL JUDGMENT AS TO DEFENDANT DAVID REES

The Securities and Exchange Commission having filed a Complaint and Defendant David Rees having: waived service of the complaint; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Rees admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

## SECTIONS 5(A) AND 5(C) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Rees and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**

## BAR FROM PROVIDING CERTAIN LEGAL SERVICES IN CONNECTION WITH THE OFFER OR SALE OF SECURITIES

**IT IS FURTHER ORDERED AND ADJUDGED** that Rees and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are restrained and enjoined, for one year from the date this judgment is entered, from providing professional legal services to any person or entity in connection with the offer or sale of securities pursuant to, or claiming, an exemption under Section 4(1) of the Securities Act, including, without limitation, participating in the preparation or issuance of any opinion letter related to such offerings.

### III.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Rees is liable for disgorgement of $5,982, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $406.25. Rees is further liable for a civil penalty in the amount of $7,500 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Securities Exchange Act of 1933 ("Securities Act"), 15 U.S.C. § 78u(d)(3). The total amount, $13,888.25, shall be due and payable within 14 days of entry of the Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, N E, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Rees as a defendant in this action; setting forth the title and

civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. Rees shall simultaneously transmit photocopies of such payment and letter to James M. Carlson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. Rees shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Rees shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Rees pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Rees further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Rees pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## IV.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Rees shall comply with all of the undertakings and agreements set forth therein.

## V.

## **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 4, 2012

_____
UNITED STATES DISTRICT JUDGE