NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21656-CIV-LEONARD

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

v.

RECYCLE TECH, INC.,
RYAN GONZALEZ,
OTC SOLUTIONS LLC, ANTHONY
THOMPSON, PUDONG LLC, and
JAY FUNG,

                    Defendants,

_____/

## DEFENDANT OTC SOLUTIONS, LLC'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
_____

    Pursuant to Rules 33 of the Federal Rules of Civil Procedure, Defendants OTC Solutions

LLC  ("OTC"), by and through their undersigned counsel, hereby answers  Plaintiff 's Second

Set of Interrogatories to Defendant OTC Solutions as follows:

### GENERAL OBJECTIONS

    1.    Each response is subject to all appropriate objections (including, but not limited

to, objections concerning competency, relevancy, materiality, propriety, and admissibility) that

would require the exclusion of any document or information in court.  All such objections and

grounds for objection involving or relating to the matters raised herein are reserved and may be

introduced at the time of trial or other hearing.

EX. 37

2.      OTC objects to each Interrogatory to the extent the requests seek information protected by the attorney/client privilege or the work product doctrine.

3.      OTC objects to each Interrogatory insofar as the requests seek information equally available to Plaintiff.

4.      OTC objects to Plaintiff's service of each Interrogatory on the basis that OTC lacks the capacity to be sued under Rule 17(b) of the Federal Rules of Civil Procedure because OTC ceased to exist as a Maryland limited liability company, and its affairs were entirely wound up, prior to commencement of this action by Plaintiff.

5.      OTC objects to each Interrogatory because the requests are not tailored to secure the just, speedy and inexpensive determination of this action, given the documents already produced in this action and/or provided to Plaintiff.

6.      OTC objects to each Interrogatory insofar as the information sought can be obtained from another source that is more convenient, less burdensome, or less expensive.

7.      Thompson further objects to each and every Interrogatory that seeks information regarding other newsletters or issues that do not involve Recycle Tech as being overbroad because they seek information that is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.

8.      OTC qualifies each and every response herein by noting that its investigation of the facts relating to this action and discovery is ongoing.  Because OTC's future discovery and investigation may disclose the existence of additional responsive information, OTC's responses are without prejudice to its right to utilize, produce, or introduce, at trial or any other proceeding, information or documentation which is inadvertently omitted, not yet known, or not yet

{00455824-1 }

ascertained, discovered, identified, or located by OTC while responding to these Discovery

Requests.  OTC reserves the right to amend or supplement its responses by virtue of obtaining

additional information or otherwise as permitted by the Federal Rules of Civil Procedure.

9.      The objections above apply to each of the responses below, and the responses set

forth are not to be deemed a waiver, either in whole or in part, of any of those objections.

Notwithstanding the above objections, and without in any way waiving or limiting those

objections, Plaintiff will attempt in good faith to provide responses to the requests based on

information known and reasonably available to Plaintiff.

## OBJECTIONS TO INSTRUCTIONS

OTC objects to Plaintiff's Definitions to the extent that they seek to impose a greater or

different obligation on OTC in responding to this discovery than imposed or authorized by the

Federal Rules of Civil Procedure.  OTC will respond to the requests in accordance with said

rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

## OBJECTIONS TO DEFINITIONS

1.      OTC objects to Plaintiff's Definitions to the extent that they seek to impose a

greater obligation on OTC in responding to this discovery than imposed or authorized by the

Federal Rules of Civil Procedure.  OTC will respond to the requests in accordance with said

rules, notwithstanding any Instruction that purports to expand, or is contrary to, those rules.

2.      OTC objects to Plaintiff's Definitions to the extent that they purport to require

OTC to produce information and documents in responding to Defendant's requests other than the

information and documents that are within OTC's possession, custody or control.

3

3.      OTC objects to Plaintiff's Definitions to the extent they conflate OTC solutions and Defendant Thompson under the single definition of "You", which improperly attempts to ignore the significant legal distinction between OTC and Thompson and introduces unnecessary and prejudicial ambiguity into the record.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1.  Identify your affirmative defenses to the Amended Complaint and the factual basis supporting each defense.

**ANSWER:**     OTC objects to this request to the extent it seeks the disclosure of attorney work-product and/or requests OTC to provide legal conclusions.  In addition, although OTC provides a "factual basis" for the affirmative defenses below, subject to the objections stated herein, OTC's responses are limited to providing notice of the factual basis for the defenses and do not purport to identify each and every fact that may support the defense.  For Affirmative Defenses, please see the Affirmative Defenses identified in Thompson and OTC's joint Answer to the First Amended Complaint.

**First Affirmative Defense** – the first affirmative defense is a legal defense that relies on the insufficuncies in the allegations of the First Amended Complaint rather than on any facts. It is anticipated that this affirmative defense will be stricken pursuant to Plaintiff's motion to strike.

**Second Affirmative Defense** – The second affirmative defense is predicated upon the advice of counsel sought and received by Thompson in issuing his newsletters and his reliance entirely on the public filings and press releases issued by Recycle Tech. According to the deposition testimony of Thompson, Marlow and Gracin, Thompson sought out their legal advice

4

on his business and specifically requested advice about his disclaimers, including on the day before and the day of OTC's Recycle Tech Newsletters.

**Third Affirmative Defense** – The third affirmative defense is a legal defense and does not require a factual basis beyond the factual allegations in the First Amended Complaint.

**Fourth Affirmative Defense** – The fourth affirmative defense has a similar factual basis to the second affirmative defense. In addition, the disclaimers contained in the newsletters, as well as on the websites to which the newsletters linked fully disclosed the extent of compensation in such a way that, as the Court observed in its ruling on the motion to dismiss, no one could be misled about the fact that OTC Solutions' opinions expressed in the newsletters were bought and paid for.

**Fifth Affirmative Defense** – The fifth affirmative defense is largely determined as a matter of law.  The factual basis for this defense includes, but is not limited to, the fact that the Court's rulings on the Motion to Dismiss, particularly with respect to its Rulings on Section 17(b), limits and/or undermines SEC's claims for violation of Section 17(a) and 10b-5 for purported misreprsentations and/or omissions in the compensation and/or bias disclosures in the newsletters at issue.  In addition, the SEC has pled and repeatedly asserted its Section 17(a) and 10b-5 claims are limited to purported misreprsentations and omissions in the newsletters issued by OTC.

**Sixth Affirmative Defense** – The sixth affirmative defense is largaely determined as a matter of law.  The factual basis for this defense includes, but is not limited to, the sixth affirmative defense is based on the enforcement action undertaken by the SEC's New York Field

Office and the criminal referral and investigation being orchestrated by that office, which, when combined with the present case, deprive Thompson of due process of law..

**Seventh Affirmative Defense** – The factual basis for this affirmative defense is the same as for the second affirmative defense.

**Eighth Affirmative Defense** – The factual basis for this claim is that Thompson does not have any knowledge of who ran websites beyond his own nor did he have the ability to control their content.

INTERROGATORY NO. 2.  For the period of January 1, 2009 – December 31, 2010 identify the issuers you promoted through email newsletters and the time period for each marketing campaign.

**ANSWER:**    OTC objects to the question insofar as the term "promoted" is ambiguous and does not accurately describe OTC's conduct with regard to any issuers. OTC further objects to this interrogatory as overbroad as it seeks information that is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, OTC responds that  to the extent the question is understood merely to mean which companies were featured in newsletters issued by OTC Solutions and for what periods, the answer is the following:

| | |
|---|---|
| Blue Gem Enterprises (BGEM) | 12/13-20/09<br>1/1/10<br>2/1-2/10 |
| Recycle Tech Inc. (RCYT) | 2/22-24/10 |
| Dynamic Response Group Inc. (DRGZ) | 7/13/09-11/17/09 |
| Medical Connections Holdings (MCTH) | 8/23/09-9/30/09 |
| Mass Hysteria Entertainment (MHYS) | 8/24/09-9/30/09 |
| Wind Works Power (WWPW) | 11/23-26/09 |
| Red Branch Technologies (RBTI) | 11/29/09-12/1/09 |
| Lyric Jeans Inc. (LYJN) | 3/19-23/10 |

6

| Fresh Harvest Products Inc. (FRHV) | 4/12-13/10 |
| --- | --- |

INTERROGATORY NO. 3.  For each of the issuers identified in your answer to number 2 above, identify the marketing campaigns that you completed in conjunction with Pudong, LLC and/or Jay Fung.

**ANSWER:**    Thompson objects to this interrogatory because the phrase "in conjunction with" is ambiguous. The issuers on which OTC issued newsletters on which Thompson understands that Pudong, LLC also issued newsletters includes: BGEM, RCYT, DRGZ, MCTH, MHYS, WWPW, LYJN, FRHV.

INTERROGATORY NO. 4.  For each of the issuers identified in your answer to number 2 above, identify the marketing campaigns that you completed in which Kevin Sepe was involved in any manner and identify how he was involved.

**ANSWER:**    Kevin Sepe was not "involved" in any of the internal affairs of OTC Solutions and therefore was not "involved" in any aspect of any OTC Solutions marketing campaign. Notwithstanding the foregoing, Sepe did play a role in retaining OTC solutions to feature BGEM, RCYT, DRGZ, MHYS, and  LYJN in newsletters. For each of these marketing campaigns Sepe had a similar role. Sepe was a middle man who brought issuers or third parties wishing have the issuer featured in a newsletter to OTC. Sepe negotiated and coordinated payment according to the terms agreed upon by OTC and the hiring party. Sepe also consulted with OTC on the approximate dates the newsletters would be issued, including the beginning date and the duration of the newsletter campaigns for each issuer. Finally, at times Sepe would offer suggestions or consult with OTC on information and sources of information that would be appropriate to incorporate into newsletters, including providing to OTC or directing OTC's

7

attention to publicly available information such as press releases and SEC filings for the issuers that OTC was hired to feature.

Respectfully Submitted,

Clyde Snow & Session
201 S. Main Street, 13th Floor
Salt Lake City, Utah 84111
Tel:  (801) 322-2516
Fax:  (801) 521-6280

By:  /s/Brent R. Baker
BRENT R. BAKER
D. LOREN WASHBURN
Admitted Pro Hac Vice
Attorneys for Defendants Anthony Thompson and OTC Solutions
brb@clydesnow.com
dlw@clydesnow.com

and

The Law Offices of Jeffrey A. Neiman
100 Southeast Third Avenue, Suite 2612
Fort Lauderdale, FL 33394
Tel: (954)-462-1200
Fax: (954)-688-2492

By:  /s/ Jeffrey A. Neiman
JEFFREY A. NEIMAN
Florida Bar Number 544469
jeff@jneimanlaw.com

8

I swear or affirm that the foregoing Answers to Plaintiff's Second Set of Interrogatories to Defendant OTC Solutions LLC are true and correct to the best of my knowledge.

OTC Solutions, LLC,
a dissolved Maryland limited liability company


Date: _____        By: _____
                                              Anthony Thompson
                                       Its:  Signed only pursuant to the Court's order and
                                              without representing to any party that
                                              Thompson has authority, express or implied, to
                                              bind the Company; pursuant to Maryland Code
                                              § 4A-905 with no designation as liquidating
                                              member.


STATE OF _____        )
                                              : ss.
COUNTY OF _____        )

Before me, the undersigned authority, personally appeared _____,

who is personally known to me or produced a _____ bearing his name and

photograph as identification, and who, upon being duly sworn, deposed and stated that the

Answers to the foregoing Interrogatories are true and correct, to the best of his knowledge.


Date: _____        _____
                                              NOTARY PUBLIC


9

{00455824-1 }

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the _____ day of November, 2013, I filed the foregoing **DEFENDANT OTC SOLUTIONS, LLC'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** with the Clerk of the Court and notification of such filing was sent to the following:

Christine Nestor
Securities and Exchange Commission
801 Brickell Ave., Suite 1800
Miami, FL  33131
nestorc@sec.gov
alonkai@sec.gov

James D. Sallah
Jeffrey L. Cox
Joshua A. Katz
Sallah Astarita & Cox, LLC
One Boca Place
2255 Glades Road, Suite No. 300E
Boca Raton, FL  33431
jds@sallahlaw.com
jlc@sallahlaw.com
jak@sallahlaw.com

Ryan Gonzalez
8240 NE 8th Place
Miami, FL  33138
seekrets@hotmail.com


/s/Brent R. Baker_____

10

I swear or affirm that the foregoing Answers to Plaintiff's Second Set of Interrogatories to Defendant OTC Solutions LLC are true and correct to the best of my knowledge.

OTC Solutions, LLC,
a dissolved Maryland limited liability company

Date: _11\21\13_

By: _____
    Anthony Thompson

Its: Signed only pursuant to the Court's order and
    without representing to any party that
    Thompson has authority, express or implied, to
    bind the Company; pursuant to Maryland Code
    § 4A-905 with no designation as liquidating
    member.

STATE OF  Maryland    )
                      : ss.
COUNTY OF  Montgomery )

Before me, the undersigned authority, personally appeared _Anthony Thompson_,

who is personally known to me or produced a _MD DL_ bearing his name and

photograph as identification, and who, upon being duly sworn, deposed and stated that the

Answers to the foregoing Interrogatories are true and correct, to the best of his knowledge.

Date: _11\21\13_

_____
NOTARY PUBLIC

JOHN D HOFFMAN
Notary Public
Montgomery County
Maryland
My Commission Expires Mar 23, 2017

9

{00455824-1 }