UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-cv-21656-JAL

SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

v.

RECYCLE TECH, INC.,
RYAN GONZALEZ,
OTC SOLUTIONS LLC,
ANTHONY THOMPSON,
PUDONG LLC, and JAY FUNG,

                            Defendants.

## FINAL JUDGMENT OF PERMANENT INJUNCTION
## AND OTHER RELIEF AS TO DEFENDANT JAY FUNG

The Securities and Exchange Commission having filed a Complaint and Defendant Jay Fung having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided herein in paragraph III, which Fung admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

## PERMANENT INJUNCTION

### A. Sections 5(a) and 5(c) of the Securities Act of 1933

**IT IS ORDERED AND ADJUDGED** that Fung and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

B. **Section 17(a) of the Securities Act**

**IT IS FURTHER ORDERED AND ADJUDGED** that Fung and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

C. **Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934**

**IT IS FURTHER ORDERED AND ADJUDGED** that Fung and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Fung is jointly and severally liable with Defendant Pudong LLC for disgorgement in the amount of $456,457, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $30,998.36. Fung shall also pay a civil penalty in the amount

4

of $120,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). Fung shall satisfy his obligation to pay disgorgement, prejudgment interest, and a civil penalty by paying $607,455.36, which he has escrowed with his counsel, to the Securities and Exchange Commission within fourteen (14) days from the date of entry of this Final Judgment.

Fung may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Fung may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Fung as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Fung shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Fung relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Fung.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment

to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of the Final Judgment. Fung shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

To preserve the deterrent effect of the civil penalty, Fung shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Fung's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Fung's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Fung shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Fung by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Fung shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Fung pays, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Fung shall not claim, assert, or apply for a tax deduction or tax credit with regard to


any federal, state, or local tax for any penalty amounts that Fung pays, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## III.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and stipulated by Fung, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Fung under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Fung of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Fung is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## V.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated

herein with the same force and effect as if fully set forth herein, and that Fung shall comply with all of the undertakings and agreements set forth therein.

## VI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in Miami, Florida, this 13 day of _Feb_, 2014.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE