UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-cv-21656-JAL

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

v.

RECYCLE TECH, INC.,
RYAN GONZALEZ,
OTC SOLUTIONS LLC,
ANTHONY THOMPSON,
PUDONG LLC, and JAY FUNG,

                          Defendants.

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT PUDONG LLC

The Securities and Exchange Commission having filed a Complaint and Defendant Pudong LLC having entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction and except as otherwise provided herein in paragraph III, which Pudong admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

## PERMANENT INJUNCTION

### A. Sections 5(a) and 5(c) of the Securities Act of 1933

**IT IS ORDERED AND ADJUDGED** that Pudong and its officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

B. <u>Section 17(a) of the Securities Act</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Pudong and its officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

C. <u>Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Pudong and its officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation

3

with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## II.

### DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Pudong is jointly and severally liable with Defendant Jay Fung for disgorgement in the amount of $456,457, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $30,998.36. Pudong shall satisfy its obligation to pay disgorgement and

prejudgment interest by paying $487,455.36, which it has escrowed with its counsel, to the Securities and Exchange Commission within fourteen (14) days from the date of entry of this Final Judgment.

Pudong may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Pudong may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Pudong as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Pudong shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Pudong relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Pudong.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of the Final Judgment. Pudong shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and stipulated by Pudong, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Pudong under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Pudong of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### IV.

### CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff's civil penalty claim in the above-captioned action is dismissed against Pudong.

### V.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Pudong shall comply with all of the undertakings and agreements set forth therein.

## VI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in Miami, Florida, this 13 day of Feb., 2014.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE