## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:12-cv-21656-JAL

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RECYCLE TECH, INC., RYAN GONZALEZ, OTC SOLUTIONS LLC, ANTHONY THOMPSON, PUDONG LLC, and JAY FUNG, | ) ) ) ) ) ) |
| Defendants, | ) ) |
| | ) |

## FINAL JUDGMENT OF PERMANENT INJUNCTION
## AND OTHER RELIEF AS TO DEFENDANT RYAN GONZALEZ

The Securities and Exchange Commission having filed an Amended Complaint, and

Defendant Ryan Gonzalez having: entered a general appearance; consented to the Court's

jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of

Permanent Injunction and Other Relief as to Defendant Ryan Gonzalez ("Final Judgment")

without admitting or denying the allegations of the Amended Complaint (except as to personal

and subject matter jurisdiction, which Gonzalez admits); waived findings of fact and conclusions

of law; and waived any right to appeal from this Final Judgment:

### I.

### SECTIONS 5(A) AND 5(A) OF THE SECURITIES ACT OF 1933

IT IS ORDERED AND ADJUDGED that Gonzalez and his officers, agents, servants,

representatives, employees, attorneys, and all persons in active concert or participation with them

Initials

-1-

who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**II.**

**SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS FURTHER ORDERED AND ADJUDGED** that Gonzalez and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or

Initials

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

### III.

### AIDING AND ABETTING A VIOLATION OF
### SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Gonzalez and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

**IV.**

**AIDING AND ABETTING A VIOLATION OF
SECTION 13(a) and RULES 13a-1 and 13a-13
OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS FURTHER ORDERED AND ADJUDGED** that Gonzalez and Gonzalez's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of

Initials

the Exchange Act, 15 U.S.C. § 78m(a), and Rules 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.13a-1 and 240.13a-13, by:

(a)     failing to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

(b)     failing, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in the light of the circumstances under which they were made not misleading;

**V.**

**PENNY STOCK BAR**

**IT IS FURTHER ORDERED AND ADJUDGED** that Gonzalez is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

**VI.**

**OFFICER AND DIRECTOR BAR**

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C.

‾‾‾‾‾‾
Initials

-5-

§ 77t(e), Gonzalez is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VII.

### DISMISSAL OF CIVIL PENALTY CLAIM

**IT IS FURTHER ORDERED AND ADJUDGED** that based on Gonzalez's sworn representations in his Statement of Financial Condition dated February 18, 2014, and other documents and information submitted to the Commission, the Court is not ordering Gonzalez to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Gonzalez's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Gonzalez, petition the Court for an order requiring Gonzalez to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Gonzalez was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Gonzalez to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Gonzalez may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Amended

Initials
_____

-6-

Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  Gonzalez shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Gonzalez shall comply with all of the undertakings and agreements set forth therein.

## IX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## X.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in Miami, Florida, this _10_ day of ___April___, 2014.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

_____
Initials

-7-